IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ANDREW XAVIER SALERY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 2:16cv992-MHT |
| ) | (WO) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This matter is before the court on petitioner Andrew Xavier Salery's *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, which Salery filed on December 18, 2016. Doc. No. 1. Salery challenges his convictions and 90-month sentence for two counts of firearm possession by a convicted felon and a single count of possession with intent to distribute marijuana. Upon consideration of Salery's § 2255 motion, this court finds the motion should be denied without prejudice because the court lacks jurisdiction over the motion.

As explained in *United States v. Khoury*, 901 F.2d 975, 976 (11th Cir. 1990), a district court lacks jurisdiction over a petitioner's 28 U.S.C. § 2255 motion during the pendency of an appeal from the judgment challenged in the § 2255 motion.[1] The district

---

[1] In *Khoury*, the defendant filed a § 2255 motion after he filed a notice of appeal. The district court denied the motion on the ground that the court lacked jurisdiction because jurisdiction had vested in the court of appeals for the pendency of the appeal. The Eleventh Circuit affirmed because "[t]he general rule is that a defendant may not seek collateral relief while his direct appeal is pending." *Jones v. United States*, 453 F.2d 351, 352 (5th Cir. 1972) (per curiam); *Welsh v. United*
(continued...)

court entered judgment in Salery's criminal case on January 29, 2016. *See* Criminal Case No. 2:14cr431-MHT, Doc. No. 119. Salery, through his court-appointed counsel, filed a notice of appeal from the district court's judgment on February 11, 2016. *Id*., Doc. No. 127. Salery's appeal has been docketed by the Eleventh Circuit and assigned USCA Case No. 16-10570. *Id*., Doc. No. 520. On the date this Recommendation is being entered, Salery's appeal remains pending in the Eleventh Circuit Court of Appeals. During the pendency of Salery's appeal, this court lacks jurisdiction to consider his motion for relief under 28 U.S.C. § 2255; accordingly, the motion should be denied without prejudice. Salery may refile a § 2255 motion when jurisdiction is vested in the district court.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Salery's 28 U.S.C. § 2255 motion be DENIED without prejudice.

It is further ORDERED that the parties shall file any objections to this Recommendation or before January 18., 2017. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) will bar a party from a *de novo* determination by the

---

[1](...continued)
*States*, 404 F.2d 333 (5th Cir. 1968) ("A motion to vacate sentence under 28 U.S.C. § 2255 will not be entertained during the pendency of a direct appeal, inasmuch as the disposition of the appeal may render the motion moot.").

District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1.  *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this 4th day of January, 2017.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE